IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MWAMARATUNGA PIPORE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:16-CV-0017-CAR-MSH |
| **BALDWIN STATE PRISON,** : | |
| : | |
| **Defendant.** : | |

### ORDER

Plaintiff Mwamaratunga Pipore, an inmate confined at Baldwin State Prison in Hardwick, Georgia, filed a pleading in this Court seeking relief for violations of his constitutional rights under 42 U.S.C. § 1983. Because Plaintiff did not submit his pleading on a standard § 1983 complaint form or provide financial information to support his claim of indigence, the United States Magistrate Judge ordered Plaintiff to recast his complaint and submit a certified copy of his prison trust account statement. *See* Order, Feb. 5, 2016, ECF No. 4. Plaintiff, however, failed to file a response within the time allowed. The Magistrate Judge thus then ordered Plaintiff to show cause why his lawsuit should not be dismissed for failure to comply. *See* Order, March 14, 2016, ECF No. 5.

The time for filing a response to the Show Cause Order has now expired, *see id.*; and though Plaintiff has finally filed a Motion to Proceed *in forma pauperis* (ECF No. 6), Plaintiff has still not filed an amended complaint. Plaintiff has thus failed to fully comply with the Court's order, which, as Plaintiff was forewarned, is ground for dismissal of his

complaint.  *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

Furthermore, even when considered, the claims initially alleged by Plaintiff (ECF No. 1), are not sufficient to proceed beyond the Court's preliminary review required by 28 U.S.C. § 1915A(a).  The sole defendant, Baldwin State Prison, is not a legal entity that may be sued under § 1983, *see Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988); *see also Brinson v. Coastal State Prison*, 2009 WL 890574 at *2 (S.D. Ga. Apr.1, 2009); and Plaintiff's pleading does not otherwise identify or causally link any individual state actor to the alleged violations of his constitutional rights as is necessary to state a claim under § 1983. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (complaint properly dismissed if it fails to allege fact that connect any defendant with the alleged violation).  The only individual mentioned in the pleading is "Unit Manager Warren," who was apparently "unprofessional" on one occasion verbally assaulted Plaintiff by "jumping in his face."  Unit Manager Warren is not a party to this action; and even if she was, such allegations do not support a constitutional claim. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n. 1 (11th Cir.1989) ("a [plaintiff] must allege more than that he has been subjected to verbal taunts . . . in order to make a claim that jailers have . . . deprived the petitioner of his constitutional rights.").

For these reasons – and because it does not appear that the relevant two-year statute of limitations will bar the re-filing of Plaintiff's claims – his complaint is hereby

2

**DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) and Fed. R. Civ. P. 41(b).

      **SO ORDERED** this 13th day of July, 2016

            <u>S/ C. Ashley Royal</u>
            C. ASHLEY ROYAL, JUDGE
            UNITED STATES DISTRICT COURT